UNITED STATES

v.

**Brad S. HORNER, Subsistence Specialist Third Class, U.S. Coast Guard.**

CGCMS 23987.
Docket No. 963.

U.S. Coast Guard Court of Military Review.

23 Jan. 1991.

Military Judge: CAPT David J. Kantor, USCG.

Trial Counsel: LT David J. Martin, USCGR.

Detailed Defense Counsel: LT Jeffrey D. Stieb, USCG.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Appellate Government Counsel: LT Michael A. Carney, USCG.

Appellate Defense Counsel: CDR Terrance M. Edwards, USCG.

Before Panel One, BAUM, BRIDGMAN and SHKOR, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by special court martial, judge alone, on charges of desertion, missing movement, and failure to obey a lawful order in violation of Articles 85, 87 and 92, Uniform Code of Military Justice, (UCMJ), 10 U.S.C. §§ 885, 887, 892. He pled guilty to single specifications of missing movement and failure to obey a lawful order as charged. He also pled guilty to unauthorized absence as a lesser included offense of the charged desertion. After a thorough inquiry into the providence of appellant's pleas and the receipt of evidence bearing on the element of intent required for desertion, which was the one element of that offense not established by the plea to unauthorized absence, the judge found appellant guilty of all charged offenses. Thereafter, he sentenced appellant to a bad conduct discharge, confinement for two months, forfeiture of $500.00 pay per month for two months and reduction to pay grade E–1. The Convening Authority approved the sentence as adjudged but suspended the bad conduct discharge on probation for 12 months in accordance with the terms of a pretrial agreement. Before this Court, appellant has assigned two errors, that the evidence relied upon by the military judge to convict appellant of desertion is insufficient as a matter of law and that appellant's plea of guilty to the order offense under Article 92, UCMJ was improvident.

## I

Appellant contends that this Court, in its role under Article 66, UCMJ, 10 U.S.C. § 866 of determining whether the conviction of desertion is both legally and factually correct, should find that the totality of circumstances surrounding appellant's absence negates the element of intent to remain away permanently.. In this regard, the military judge made special findings, pursuant to appellant's request, that indicated the following as persuasive on the issue of intent: (a) the 144 days duration of appellant's absence, (b) the termination of absence by apprehension, (c) appellant's lack of an Armed Forces ID card or any item of his uniform when apprehended, (d) appellant's physical appearance when apprehended, (e) appellant's failure to contact any Coast Guard unit during the period of absence, (f) appellant's establishment of a residence approximately 3,000 miles from his home of record and unit, and (g) appellant's stay in Canada while absent.

In contrast, appellant asserts that the following matters from the record bear on the totality of circumstances and militate against a finding that he intended to remain away permanently: (a) appellant never attempted to establish an alias, but instead used his real, full name at all times, including when initially questioned by the Coast Guard Intelligence Agent, (b) appellant made no attempt to misstate his date of birth, (c) appellant adequately explained the inadvertent loss of his Armed Forces ID Card, (d) although appellant had not returned to his home of record, he had returned to his place of birth, (e) appellant's type of employment did not indicate he had started a new career, and (f) appellant had not established the type of residence which could be said to be permanent.

The trial judge weighed all of these factors when making his findings of fact. We, too, have considered them in meeting our responsibilities under Article 66, UCMJ. A careful evaluation of all the evidence convinces us beyond a reasonable doubt that appellant intended to remain away perma-nently. Accordingly, assignment of error one is rejected.

## II

Appellant, citing *U.S. v. Roach*, 26 M.J. 859 (C.G.C.M.R.1988), *aff'd*, 29 M.J. 33 (C.M.A.1989), asserts that the military judge should have refused to accept appellant's guilty plea to failure to obey an order to shower and that this Court, as it did in *Roach*, supra, with respect to an order not to consume alcohol, should refuse to allow the order to shower to be enforced judicially. In response, the Government distinguishes the facts in the instant case from those in *Roach, supra*.

In *Roach, supra*, the order we found to be unlawful related to drinking alcohol while ashore on liberty from the ship. Here, the order given by a senior chief in charge of all cooks aboard the Coast Guard Cutter DALLAS, was to shower at the start of the work day. Appellant, a cook, refused, because he said he had showered the night before.

The Government submits that cleanliness is a basic requirement for food handlers and galley personnel, essential to the safe operation of the galley and the morale of those who eat there. Thus, the order to shower before reporting to work in the galley directly related to the performance of appellant's military duties as a cook. According to the Government, the Senior Chief made a judgment that appellant needed a shower to meet the required standards of hygiene and that ordering the shower in the morning before work, rather than allowing a shower the night before to suffice, is neither arbitrary nor capricious. We agree. The necessary nexus between the order in this case and the military duty is apparent, justifying whatever personal privacy intrusion there may be in the timing and frequency of showering. The order was lawful. Assignment of error II is deemed to be without merit.

For the foregoing reasons, and after review of the record in accordance with our

responsibilities under Article 66, UCMJ, we have determined that the findings of guilty and sentence are correct in law and fact. On the basis of the entire record they should be approved. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.

Judges BRIDGMAN and SHKOR concur.